IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW FIDLER and LISA
FIDLER, husband and wife,

      Plaintiffs,

  vs.

GEISINGER MEDICAL CENTER;
GEISINGER HEALTH PLAN;
MARCUS M. RIEDHAMMER, MD, CWSP;
RIEDHAMMER, MARCUS M., M.D., P.C.;
and KIMBERLY PESARCHICK, PA

      Defendants.

_____/

## COMPLAINT IN CIVIL ACTION – JURY TRIAL DEMANDED

Plaintiffs Matthew Fidler and Lisa Fidler file this complaint against Defendants Geisinger Medical Center; Geisinger Health Plan; Marcus M. Riedhammer, MD, CWSP; Riedhammer, Marcus M., M.D., P.C.; and Kimberly Pesarchick, PA as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers jurisdiction to this Court over disputes between citizens of different states when the matter in controversy exceeds $75,000.00.

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

3. The Plaintiffs Matthew Fidler and Lisa Fidler are individuals residing at 5741 NW 66th Way, Parkland, Florida.

4. Defendant Geisinger Medical Center is a business entity organized under the laws of the Commonwealth of Pennsylvania, is authorized to conduct business in Pennsylvania, and has its principal place of business in Danville, Pennsylvania.

5. Defendant Geisinger Healh Plan is a business entity organized under the laws of the Commonwealth of Pennsylvania, is authorized to conduct business in Pennsylvania, and has its principal place of business in Danville, Pennsylvania.

6. Defendant Marcus M. Riedhammer, MD, CWSP, is an individual who, upon information and belief, is domiciled in Pennsylvania, is licensed to practice medicine by the Commonwealth of Pennsylvania, and practices medicine in Danville, Pennsylvania.

7. Defendant Riedhammer, Marcus M., M.D., P.A. is a business entity organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Lock Haven, Pennsylania.

8. Defendant Kimberly Pesarchick, PA, is an individual who, upon information and belief, is domiciled in Pennsylvania, is licensed to practice as a physician's assistant by the Commonwealth of Pennsylvania, and practices medicine in Danville, Pennsylvania.

## GENERAL ALLEGATIONS

9. In February 2011, Plaintiff Matthew Fidler began treating with a physician in Florida to address a wound on his right foot that was not healing.

10. In the course of several weeks of treatment, biopsies were taken from Mr. Fidler's right foot.

11. It was reported to Mr. Fidler that these biopsies were negative for malignancies.

12. In September 2011, Mr. Fidler began treating with Defendant Marcus M. Riedhammer, MD, CWSP, and Kimberly Pesarchick, PA, through the Geisinger Medical Center system ("Geisinger").

13. Mr. Fidler's chief complaint was once again the non-healing wound on his right foot.

14. Throughout the course of treating Mr. Fidler, neither Dr. Riedhammer, Ms. Pesarchick, PA, nor any associated physician or staff at Geisinger timely obtained and/or acted upon complete medical records from Mr. Fidler's treatment in Florida.

15. If these defendants had made adequate efforts to obtain and review Mr. Fidler's records, they would have received pathology reports from his biopsies, which reported

results that were characteristic of malignant melanoma. These results would have put the defendants on notice that they needed to take further immediate action to diagnose and treat presumptive cancer in Mr. Fidler.

16. The defendants, however, did not act within the standard of care in light of these pathology reports, which they knew or should have known about, and ordered no further biopsies, and did not refer Mr. Fidler to any other physician or medical practice for the purpose of taking further biopsies.

17. No more biopsies were taken until 2013.

18. On August 21, 2013, Mr. Fidler learned for the first time that he had metastatic malignant melanoma. Mr. Fidler did not know, nor could he have known despite the exercise of reasonable diligence, that he had metastatic malignant melanoma prior to August 21, 2013.

19. Mr. Fidler did not know, nor could he have known despite the exercise of reasonable diligence, prior to August 21, 2013, that the failure to timely diagnose malignant melanoma in order to avoid metastasis was due to the defendants' failure to act reasonably to obtain and act upon pathology results that demonstrated that Mr. Fidler had malignant melanoma.

20. As a result of the failure to timely diagnose Mr. Fidler's malignant melanoma, he has undergone an amputation of his right foot, as well as a groin dissection, has lost all

kidney function, has experienced great pain, suffering, and mental anguish, and has a severely shortened life expectancy.

21. Mr. Fidler's damages are a direct and proximate result of the failure to timely diagnose his malignant melanoma.

### COUNT I

### Medical Malpractice

**(Against Marcus M. Riedhammer, MD, CSWP; Riedhammer, Marcus M., M.D., P.A.; Kimberly Pesarchick, PA; Geisinger Medical Center; and Geisinger Health Plan)**

22. Plaintiffs incorporate the allegations in Paragraphs 1 through 21 as if set forth fully herein.

23. At all material times, the defendants had a duty of care to provide medical care to Mr. Fidler consistent with the accepted standard of care for wound care specialists and dermatologists.

24. At all material times, Dr. Riedhammer and Ms. Pesarchick were employees, agents, or ostensible agents of Defendant Geisinger Medical Center. At all material times, Dr. Riedhammer and Ms. Pesarchick were acting within the course and scope of their employment and/or agency with Defendant Geisinger Medical Center.

25. Additionally and/or in the alternative, Dr. Riedhammer was an employee, agent, or ostensible agent of Defendant Riedhammer, Marcus M., M.D., P.C. ("Riedhammer

P.C."). On information and belief, at all material times, Dr. Riedhammer was acting within the course and scope of his employment and/or agency with Defendant Riedhammer P.C.

26. Additionally and/or in the alternative, Dr. Riedhammer was an employee, agent, or ostensible agent of Defendant Geisinger Health Plan.  On information and belief, at all material times, Dr. Riedhammer was acting within the course and scope of his employment and/or agency with Defendant Geisinger Health Plan.

27. The injuries and damages set forth in this Complaint were caused by and were the direct and proximate result of the negligence of defendants.

28. Dr. Riedhammer, Riedhammer P.C., Ms. Pesarchick, and the personnel at Geisinger Medical Center departed from the accepted standard of care in caring for and treating Mr. Fidler, causing or increasing the risk that Mr. Fidler would suffer the damages set forth in this Complaint, in that they:

    a. Failed to follow accepted protocol for assessing their patient's medical history;

    b. Failed to make a proper and timely assessment of the risk that Mr. Fidler had developed malignant melanoma;

    c. Failed to obtain a complete and accurate medical history;

    d. Failed to order biopsies of Mr. Fidler's right foot;

  e. Failed to refer Mr. Fidler to another medical provider to obtain biopsies of his right foot;

  f. Made an incomplete and inaccurate diagnosis of the cause and nature of Mr. Fidler's wounds;

  g. Made an incomplete and inaccurate diagnosis of Mr. Fidler that precluded timely treatment of his malignant melanoma;

  h. The staff of Geisinger either failed to timely obtain Mr. Fidler's medical records from Florida and/or failed to timely inform Reidhammer and Pesarchick of their arrival at Geisinger.

29. If the defendants and other duly authorized agents and/or employees of Geisinger had complied with the applicable standards of care, Mr. Fidler's malignant melanoma would have been timely diagnosed.

30. If a timely diagnosis had been made, Mr. Fidler would have received treatment that would have greatly reduced the effects of his cancer, and would have prevented the damages Mr. Fidler has suffered, as set forth in this Complaint.

31. As a direct and proximate result of Dr. Riedhammer's negligence, Mr. Fidler has suffered and will continue to suffer the serious, permanent, and painful injuries as set forth below:

  a. Metastatic malignant melanoma;

  b. Amputation of his right foot;

    c. Groin dissection;

    d. Lymphedema;

    e. Compromised lymphatic system;

    f. Loss of kidney function;

    g. Other physical and psychological consequences as set forth in his medical records.

32. As a direct and proximate result of the defendants' negligence, Mr. Fidler has suffered and will continue to suffer pain, suffering, anguish, emotional distress, and humiliation.

33. As a direct and proximate result of the defendants' negligence, Mr. Fidler has suffered and will continue to suffer loss of enjoyment of life's activities.

34. As a direct and proximate result of the defendants' negligence, Mr. Fidler has suffered lost income and lost earning capacity all to his financial loss.

35. As a direct and proximate result of the defendants' negligence, Mr. Fidler will suffer the following medical expenses all to his financial loss:

    a. Past and future medical, hospital, pharmaceutical, rehabilitative, institutional, physician, and other health care related expenses;

    b. Future life-long medical, hospital, pharmaceutical, psychological, rehabilitative, institutional, physician, and other health care related expenses.

WHEREFORE, Plaintiff, Matthew Fidler, seeks damages against Defendants in an amount in excess of $75,000.00.

## COUNT II

### Medical Malpractice

### (Against Geisinger Medical Center)

36. Plaintiffs incorporate the allegations in Paragraphs 1 through 35 as if set forth fully herein.

37. At all material times, Defendant Geisinger Medical Center had a duty of care to provide medical care to Mr. Fidler consistent with the accepted standard of care for hospitals and medical practices.

38. Geisinger Medical Center departed from the standard of care in the following respects:

   a. By failing to develop and implement protocols or procedures for obtaining patients' prior medical records;

   b. By failing to ensure that its employees, agents, and/or ostensible agents followed any existing protocols or procedures for obtaining patients' prior medical records;

    c. By failing to take all reasonable steps to obtain Matthew Fidler's complete medical records regarding the biopsies taken from his right foot;

    d. By failing to inform Matthew Fidler of the contents of any records obtained when those records indicated a high likelihood that he had developed malignant melanoma.

39. But for the negligence of Geisinger Medical Center, Mr. Fidler would have received treatment that would have greatly reduced the effects of his cancer, and would have prevented the damages Mr. Fidler has suffered, as set forth in this Complaint.

40. As a direct and proximate result of Geisinger Medical Center's negligence, Mr. Fidler has suffered the damages set forth in Count I of this Complaint.

WHEREFORE, Plaintiff, Matthew Fidler, seeks damages against Defendant Geisinger Medical Center in an amount in excess of $75,000.00.

## COUN III

### Loss of Consortium

**(Against Marcus M. Riedhammer, MD, CSWP; Riedhammer, Marcus M., M.D., P.C.; Kimberly Pesarchick, PA; Geisinger Medical Center; and Geisinger Health Plan)**

41. Plaintiffs incorporate the allegations in Paragraphs 1 through 40 as if set forth fully herein.

42. As a direct and proximate result of the acts of the Defendants as set forth in this Complaint, Lisa Fidler has suffered and will continue to suffer loss of consortium, spousal support, and companionship, for which Defendants are jointly and severally liable.

WHEREFORE, Plaintiff, Lisa Fidler, seeks damages against Defendants in an amount in excess of $75,000.00.

JURY TRIAL DEMANDED AS TO ALL COUNTS

Dated: August 16, 2015	Romano Law Group

By:	_____/s/ Jeffrey V. Mansell_____
Jeffrey V. Mansell
PA I.D. No. 202937
P.O. Box 21349
West Palm Beach, FL  33416
Tel.: (561) 533-6700
Fax: (561) 533-1285
Jeff@RomanoLawGroup.com