United States District Court
for the
Middle District of Pennsylvania

| | |
|---|---|
| Lyle Matthew Fidler and Lisa Fidler, husband and wife, Plaintiffs | ) ) ) ) Civil Action No. 4:15-cv-01602-MWB |
| v. | ) ) |
| Geisinger Medical Center; Marcus M. Riedhammer, MD, CWSP; Riedhammer, Marcus, M., MD, PC; and Kimberly Pesarchick, PA. | ) ) ) ) |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANTS, GEISINGER MEDICAL CENTER, MARCUS M. RIEDHAMMER, M.D., CWSP, RIEDHAMMER, MARCUS, M., M.D., P.C. AND KIMBERLY PESARCHICK, PA, TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, Geisinger Medical Center, Marcus M. Riedhammer, M.D., CWSP, Riedhammer, Marcus, M., M.D., P.C. and Kimberly Pesarchick, PA (hereinafter, "Answering Defendants"), by and through their attorneys, White and Williams LLP, in response to the Amended Complaint of Plaintiffs, Matthew Fidler and Lisa Fidler ("Plaintiffs"), state as follows:

### JURISDICTION

1. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information as to Plaintiffs' domicile and whether jurisdiction in the federal court is proper pursuant to 28 U.S.C. § 1332.

### VENUE

2. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph.

## PARTIES

3. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph.

4. It is admitted that Geisinger Medical Center is a 501(c)(3) not-for-profit corporation operating a regional, referral, tertiary/quaternary care medical center licensed by the Commonwealth of Pennsylvania. Geisinger Medical Center maintains an office address at 100 North Academy Avenue, Danville, Pennsylvania 17822.

5. It is admitted that at all times material hereto, Marcus M. Reidhammer, MD, CWSP, was a physician licensed to practice medicine in the Commonwealth of Pennsylvania, with an office address in Danville, Pennsylvania. All other conclusions of law are specifically denied.

6. It is admitted only that Riedhammer, Marcus M., M.D., P.C. was a professional corporation, organized in the Commonwealth of Pennsylvania with a principle place of business in Lock Haven, Pennsylvania.[1]

7. It is admitted that at all times material hereto, Kimberly Ann Pesarchick, PA-C was a certified physician assistant licensed to practice medicine in the Commonwealth of Pennsylvania. All other conclusions of law are specifically denied.

## GENERAL ALLEGATIONS

8-10. Denied as stated. The facts and circumstances of Matthew Fidler's medical care, treatment and condition are contained in various medical records, which are in writing and speak for themselves. The allegations contained in these paragraphs of Plaintiffs' Amended Complaint

---

[1] Marcus Riedhammer, M.D., P.C. is a defunct entity which formally dissolved in 2009. At the time of Mr. Fidler's care, there was no longer applicable insurance coverage for the entity.

are denied to the extent they are contrary to the written medical records and/or deposition testimony of the healthcare providers in this case. Further, Answering Defendants are without knowledge, information or belief as to the allegations relating to Mr. Fidler's medical condition and treatment when not under the care of the Answering Defendants.

11-12. Denied as stated. The facts and circumstances of Mr. Fidler's medical care, treatment and condition are contained in various medical records, which are in writing and speak for themselves. The allegations contained in these paragraphs of Plaintiffs' Amended Complaint are denied to the extent they are contrary to the written medical records and/or deposition testimony of the healthcare providers in this case.

13-14. Denied. All allegations of negligence and causation are denied as conclusions of law to which no response is required. By way of further response, the facts and circumstances of Mr. Fidler's medical care, treatment and condition are contained in various medical records, which are in writing and speak for themselves. The allegations contained in these paragraphs of Plaintiffs' Amended Complaint are denied to the extent they are contrary to the written medical records and/or deposition testimony of the healthcare providers in this case. The medical conclusions contained in the corresponding paragraphs are specifically denied.

15. Denied. Answering Defendants are without knowledge, information or belief as to the allegations in this paragraph. By way of further response, the facts and circumstances of Mr. Fidler's medical care, treatment and condition are contained in various medical records, which are in writing and speak for themselves.

16-17. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraphs. Further, Answering Defendants are without

knowledge, information or belief as to what was known to Mr. Fidler, what could have been known, and when information was discovered. The allegations contained in these paragraphs of Plaintiffs' Amended Complaint are denied to the extent they are contrary to the written medical records and/or deposition testimony of the healthcare providers in this case. To the extent a response is deemed required, the factual allegations and medical conclusions contained in the corresponding paragraphs are specifically denied and strict proof thereof is demanded at the time of trial.

18-19.   Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in these paragraphs as it pertains to the nature and extent of Plaintiff's alleged injuries. All allegations of damages and causation are denied at this time. To the extent a response is deemed required, all allegations contained in these paragraphs are specifically denied and strict proof thereof is demanded at the time of trial.

20.   Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph. Further, Answering Defendants are without knowledge, information or belief as to what was known to Mr. Fidler, what could have been known, and when information was discovered. To the extent a response is deemed required, the factual allegations contained in the corresponding paragraph are specifically denied and strict proof thereof is demanded at the time of trial.

21.   Denied. The averments in the corresponding paragraph are denied as conclusions of law to which no response is necessary. By way of further answer, the medical service provided by the Answering Defendants and its alleged agents and/or employees were at all times

appropriately rendered in accordance with the applicable standards of care in the medical community. It is further denied that the Answering Defendants or persons who were allegedly its agents and/or employees were in any way negligent or acted below the standard of care in rendering medical care to Matthew Fidler, or that the alleged acts of negligence in any way caused Plaintiff's claimed injuries or damages. Further, all factual allegations and medical conclusions contained in the corresponding paragraph are generally denied and strict proof thereof is demanded at the time of trial.

22.     Denied. The allegations in this paragraph state conclusions of law to which no response is required. By way of further answer, all allegations of causation and damages are denied. To the extent a response is deemed required, all allegations contained in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial. It is further denied that the Answering Defendants or persons who were allegedly its agents and/or employees were in any way negligent or acted below the standard of care in rendering medical care to Matthew Fidler, or that the alleged acts of negligence in any way caused Plaintiff's claimed injuries or damages. Further, all factual allegations and medical conclusions contained in the corresponding paragraph are generally denied and strict proof thereof is demanded at the time of trial. Matthew Fidler's condition, medical care and treatment are set forth in various medical records that are in writing and speak for themselves.

**COUNT I – MEDICAL MALPRACTICE**
**(Against Marcus M. Riedhammer, MD, CSWP; Riedhammer, Marcus M., M.D., P.A.; Kimberly Pesarchick, PA; and Geisinger Medical Center)**

23.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 22 of Plaintiffs' Amended Complaint as though the same were fully set forth at length herein.

-5-

24. Denied. The allegations in this paragraph state conclusions of law to which no response is required. By way of further answer, the medical service provided by the Answering Defendants and its alleged agents and/or employees were at all times appropriately rendered in accordance with the applicable standards of care in the medical community. It is further denied that the Answering Defendants or persons who were allegedly its agents and/or employees were in any way negligent or acted below the standard of care in rendering medical care to Matthew Fidler, or that the alleged acts of negligence in any way caused Plaintiff's claimed injuries or damages. By way of further answer, Answering Defendants incorporate by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

25-26. Denied as conclusions of law to which no response is required. All allegations of agency and/or employment are specifically denied.

27. Denied. The allegations in this paragraph state conclusions of law to which no response is required. By way of further answer, the medical service provided by the Answering Defendants and its alleged agents and/or employees were at all times appropriately rendered in accordance with the applicable standards of care in the medical community. It is further denied that the Answering Defendants or persons who were allegedly its agents and/or employees were in any way negligent or acted below the standard of care in rendering medical care to Matthew Fidler, or that the alleged acts of negligence in any way caused Plaintiff's claimed injuries or damages. By way of further answer, Answering Defendants incorporate by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

28. Denied. The averments in the corresponding paragraph and subparagraphs are denied as conclusions of law to which no response is necessary. All allegations of negligence and causation are denied. By way of further answer, the medical service provided by the Answering

Defendants and its alleged agents and/or employees were at all times appropriately rendered in accordance with the applicable standards of care in the medical community. It is further denied that the Answering Defendants or persons who were allegedly its agents and/or employees were in any way negligent or acted below the standard of care in rendering medical care to Matthew Fidler, or that the alleged acts of negligence in any way caused Plaintiff's claimed injuries or damages. Further, all allegations contained in the corresponding paragraph is generally denied and strict proof thereof is demanded at the time of trial.

29-31.  Denied. The allegations in these paragraphs state conclusions of law to which no response is required. All allegations of agency and/or employment are specifically denied. All allegations of negligence and causation are denied. By way of further answer, the medical service provided by the Answering Defendants and its alleged agents and/or employees were at all times appropriately rendered in accordance with the applicable standards of care in medical community. It is further denied that the Answering Defendants or persons who were allegedly its agents and/or employees were in any way negligent or acted below the standard of care in rendering medical care to Matthew Fidler, or that the alleged acts of negligence in any way caused Plaintiff's claimed injuries or damages. Further, all factual allegations and medical conclusions contained in the corresponding paragraphs, and all enumerated subparagraphs, are generally denied and strict proof thereof is demanded at the time of trial. Matthew Fidler's condition, medical care and treatment are set forth in various medical records that are in writing and speak for themselves.

32-35. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in these paragraphs as it pertains to the nature and extent of Plaintiff's alleged injuries.

All allegations of damages and causation are denied at this time. The remaining allegations of these paragraphs state conclusions of law to which no response is required. To the extent a response is deemed required, all allegations contained in these paragraphs are specifically denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiffs.

### COUNT II – MEDICAL MALPRACTICE
**(Against Geisinger Medical Center)**

36. Answering Defendants incorporate by reference their responses to paragraphs 1 through 35 of Plaintiffs' Amended Complaint as though the same were fully set forth at length herein.

37-39. Denied. The averments and allegations of negligence and corporate negligence in the corresponding paragraphs of Plaintiffs' Amended Complaint are denied as conclusions of law. It is also specifically denied that the Answering Defendants were in any way negligent or acted below the standard of care in rendering medical care to Matthew Fidler, or that the alleged acts of negligence in any way caused or contributed Plaintiff's claimed injuries or damages. To the contrary, the medical services provided by the Answering Defendants and their alleged personnel were at all times appropriately rendered in accordance with the applicable standards of care in the medical community. Further, all factual allegations and medical conclusions contained in the corresponding paragraphs, and all enumerated subparagraphs, are generally denied and strict proof thereof is demanded at the time of trial.

40. Denied as conclusions of law to which no response is required. It is further denied that the Answering Defendants, or persons who were allegedly their agents, and/or employees, were in any way negligent or acted below the standard of care in rendering medical care to

Matthew Fidler, or that the alleged acts of negligence in any way caused Plaintiff's claimed injures or damages.

**WHEREFORE**, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiffs.

### COUNT III – LOSS OF CONSORTIUM
**(Against Marcus M. Riedhammer, MD, CSWP; Riedhammer, Marcus M., M.D., P.C.; Kimberly Pesarchick, PA; and Geisinger Medical Center)**

41. Answering Defendants incorporate by reference their answers to paragraphs 1 through 40 of Plaintiffs' Amended Complaint as though the same were fully set forth at length herein.

42. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph.

43. Denied. The averments and allegations of negligence and causation in the corresponding paragraph of Plaintiffs' Amended Complaint are denied as conclusions of law. To the contrary, the medical services provided by the Answering Defendants and their alleged personnel were at all times appropriately rendered in accordance with the applicable standards of care in the medical community. With respect to the damages claimed, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations, which are therefore deemed denied and strict proof thereof is demanded at the time of trial. The remaining factual allegations are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries sustained by Plaintiff may have been caused, in whole or in part, or may have been contributed to by the actions and/or negligence of Plaintiff and, accordingly, any claim for damages is barred, or the damages recoverable herein must be reduced in accordance with, the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his alleged injuries.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendants, Geisinger Medical Center, Marcus M. Riedhammer, M.D., CWSP, Riedhammer, Marcus, M., M.D., P.C. and Kimberly Pesarchick, PA, owed no legal duty to the Plaintiff under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendants, Geisinger Medical Center, Marcus M. Riedhammer, M.D., CWSP, Riedhammer, Marcus, M., M.D., P.C. and Kimberly Pesarchick, PA, did not have actual or constructive knowledge of any alleged negligence prior to or at the time in question.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendants, Geisinger Medical Center, Marcus M. Riedhammer, M.D., CWSP, Riedhammer, Marcus, M., M.D., P.C. and Kimberly Pesarchick, PA, did not have actual

or constructive knowledge of any alleged negligence prior to or at the time in question and this constitutes a complete defense to the within cause of action.

### SEVENTH AFFIRMATIVE DEFENSE

The Discovery Rule does not apply in this matter and, accordingly, Plaintiffs' Amended Complaint may be barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injuries and/or any damages as is alleged in Plaintiff's Amended Complaint, all of which are specifically denied, then said injuries and losses may have been caused solely by the negligence of third parties or other persons over whom Answering Defendants exercised no control or right of control and for whose negligent conduct, if proven, Answering Defendants are not liable.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim and/or request for damages is barred or limited and/or precluded by the Doctrines of Res Judicata and/or Collateral Estoppel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim may be barred by the Doctrine of Release.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants raise all affirmative defenses as set forth or available as a result of the provisions of the Healthcare Services Malpractice Act of Pennsylvania, 40 P.S. § 1301 *et seq.* as well as the Medical Care Availability and Reduction of Error Act, 40 P.S. § 1303 *et seq.*

### TWELFTH AFFIRMATIVE DEFENSE

Section 105 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. §1303.105, provides, "In the absence of a special contract in writing, a health care provider

is neither a warrantor nor a guarantor of a cure." This provision is pled as an affirmative defense insofar as there is no special contract in writing in this case.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury. Said jury to consist of twelve jurors.

                                                **WHITE AND WILLIAMS LLP**

By: _____
Anna Marie S. Bryan, Esquire
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
bryana@whiteandwilliams.com
(215) 864-6208

Dated: December 7, 2015

16277049v.1

## CERTIFICATE OF SERVICE

I, Anna Marie S. Bryan, Esquire, hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Amended Complaint was filed via the Middle District Court's ECF Filing System and served upon counsel listed below by the Court's ECF filing system and is available for viewing and downloading.

| | |
|---|---|
| Jeffrey V. Mansell, Esquire | Frank J. Brier, Esquire |
| Romano Law Group | Myers Brier & Kelly |
| P.O. Box 21349 | 425 Spruce Street, Suite 200 |
| West Palm Beach, Florida 33416 | Scranton, PA 18503 |

**WHITE AND WILLIAMS LLP**

By: _____

Dated:  December 7, 2015

Anna Marie S. Bryan, Esquire
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
bryana@whiteandwilliams.com
(215) 864-6208

16277049v.1